J-S53033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TINA M. CRISAFI | |
| Appellant | No. 1789 MDA 2015 |

Appeal from the Judgment of Sentence September 22, 2015
in the Court of Common Pleas of Luzerne County Criminal Division
at No(s): CP-40-CR-0004125-2014

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED JANUARY 30, 2017**

Appellant, Tina M. Crisafi, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas following her convictions for driving under the influence ("DUI"), general impairment,[1] and DUI, high rate of alcohol.[2] Appellant contends that the evidence was insufficient to prove that she drove, operated or was in actual physical control of the vehicle in question. We affirm.

On July 18, 2014, Appellant was arrested on charges of DUI, general impairment, and DUI, high rate of alcohol. Criminal Compl., 7/18/14, at 2. On April 28, 2015, a jury trial commenced. The Commonwealth presented Officer Jason Dudick of the Wilkes-Barre Police Department as its sole

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1).

[2] 75 Pa.C.S. § 3802(b).

witness. Officer Dudick testified that while on patrol, he responded to a call reporting two females fighting in the middle of the road on Madison Street. N.T. Trial, 4/28/15, at 13-14. When he arrived on the scene, he found a green Ford Explorer station wagon stopped in the middle of the road with Appellant sitting inside. *Id.* at 14. As Officer Dudick approached the car, the car "veered to the right, and the front passenger tire struck the curb." *Id.* at 15. Officer Dudick testified that as soon as the car struck the curb, Appellant exited the vehicle. *Id.* at 15. For Appellant's own safety, Officer Dudick then ordered her to return to her car, and she complied. *Id.*

Officer Dudick testified that upon making contact with Appellant, he "noticed that she had the bloodshot eyes. She smelled of an alcoholic beverage. And then once she did exit the vehicle, she was stumbling." *Id.* at 16. Officer Dudick then took Appellant into custody on suspicion of DUI, and transported her to the Wilkes-Barre City Police Headquarters. *Id.* at 18. The parties stipulated to the fact that Appellant submitted to a breathalyzer test, which returned a result of .137 BAC. *Id.* at 27-28.

Appellant testified on her own behalf, explaining that she lent her car to her friend Teodoro "Tolo" Amigon on July 17, 2014. *Id.* at 32. That evening, her friends drove her to and from a bar where she consumed five to six glasses of wine. *Id.* at 33. Upon returning home, she noticed that Mr. Amigon had not returned the car as he said he would. *Id.* at 34. Sometime between 12:00 a.m. and 1:00 a.m. on the morning of July 18, 2014, she

called her husband and asked him to drive her to Mr. Amigon's house. *Id.* Her husband dropped her off at Mr. Amigon's house and left. *Id.* at 35. Once there, Mr. Amigon explained that after driving the car to run errands, he started to drink and for that reason did not drive the car back to Appellant's house. *Id.*

At some point during the conversation, Mr. Amigon's girlfriend exited the house and fought with Appellant. *Id.* Appellant testified that after the two struck one another, Mr. Amigon separated them and instructed Appellant to go cool off in her car. *Id.* Appellant then called her husband to ask him to pick her up and take her home. *Id.* While she was sitting in the car, the police approached, having been called by a neighbor during the fight. *Id.* at 36-37. She explained to the officer who arrived that she had been drinking and that she had no intention to drive. *Id.* at 40. Appellant testified that throughout this ordeal, Mr. Amigon maintained possession of the car keys. *Id.* at 36, 40.

Appellant's husband, James Crisafi, corroborated much of Appellant's testimony, adding that when he returned to Mr. Amigon's house to pick up Appellant, she and the car were gone. *Id.* at 50. Teodoro Amigon was called as the final witness for the defense, and he testified to a similar account of the night's events as Appellant. *Id.* at 55-62.

The jury found Appellant guilty on April 28, 2015, and Appellant was sentenced on September 22, 2015. Appellant did not file a post-sentence

motion, and timely filed the instant appeal on October 8, 2015. On December 1, 2015, Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. That same day, Counsel notified the court of his intent to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). On December 8, 2015, the trial court filed a responsive Pa.R.A.P. 1925(a) opinion. On April 11, 2016, Counsel submitted both his petition to withdraw appearance as counsel and an *Anders* brief.

This Court, on August 24, 2016, filed a memorandum opinion denying counsel's petition to withdraw due to deficiencies in his *Anders* brief. *Commonwealth v. Crisafi*, 1789 MDA 2015 (Pa. Super. Aug. 24, 2016) (unpublished memorandum). Thus, this Court directed counsel to amend his *Anders* brief or to file an advocates brief. *Id*. In response, Appellant's counsel has filed an advocates brief.

Appellant raises the following issue for our review:

> Whether the Commonwealth failed to present evidence sufficient to prove beyond a reasonable doubt that [Appellant] was guilty of one count of driving under the influence, general impairment, incapable of driving safely, 3rd offense pursuant to 75 Pa.C.S. § 3802 (a)(1), and one count of driving under the influence, high rate of alcohol pursuant to 75 Pa.C.S. § 3802 (b)?

Appellant's Brief at 4.[3]

---

[3] While Appellant did not raise this claim with the trial court, Pennsylvania Rule of Criminal Procedure 606(A)(7) expressly provides that a challenge to

Appellant argues that the evidence was insufficient to prove that she drove, operated or was in actual physical control of the vehicle in question. While she admits that she did consume several glasses of wine, Appellant contends that her evidence established that "she was only sitting in her vehicle" and did not even have possession of the vehicle's keys. Appellant's Brief at 9. No relief is due.

We begin by noting that "[a] claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). When reviewing a sufficiency of the evidence claim we are guided by the following legal precepts:

> As this case involves a question of law, our scope of review is plenary. Our standard of review is *de novo*.
>
> *    *    *
>
> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict. [A]ll of the evidence and any inferences drawn therefrom must be viewed in the light most favorable to the Commonwealth as the verdict winner.

the sufficiency of the evidence can be raised for the first time on appeal. *See* Pa.R.Crim.P. 606(A)(7); *Commonwealth v. McCurdy*, 943 A.2d 299, 301 (Pa. Super. 2008) (defendant did not waive sufficiency claim because he failed to raise it in the trial court).

J-S53033-16

\* \* \*

> In applying this standard, [the reviewing court must] bear in mind that: the Commonwealth may sustain its burden by means of wholly circumstantial evidence; the entire trial record should be evaluated and all evidence received considered, whether or not the trial court's ruling thereon were correct; and the trier of fact, while passing upon the credibility of witnesses and the weight of the proof, is free to believe all, part, or none of the evidence.

***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1235-36, 1237 (Pa. 2007)

(quotation marks and citations omitted).

Pennsylvania's DUI statute provides, in relevant part:

> **(a) General impairment.--**
>
> (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle*.*
>
> \* \* \*
>
> **(b) High rate of alcohol.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1), (b).

It is well settled that:

> under Pennsylvania law, an eyewitness  is not required to establish that a defendant was driving, operating, or was in actual physical control of a motor vehicle.  The Commonwealth can establish through wholly circumstantial

- 6 -

evidence that a defendant was driving, operating or in actual physical control of a motor vehicle.

*Commonwealth v. Johnson*, 833 A.2d 260, 263 (Pa. Super. 2003). Moreover, "[i]n a majority of cases, the suspect location of the vehicle, which supports an inference that it was driven, is a key factor in a finding of actual control." *Commonwealth v. Brotherston*, 888 A.2d 901, 905 (Pa. Super. 2005) (citation omitted).

In the case *sub judice*, Officer Dudick testified that he observed Appellant in the car stopped in the middle of the road. N.T. Trial, 4/28/15, at 14. As he approached, the car began to move. *Id.* at 15. It then "veered to the right, and the front passenger tire struck the curb." *Id.* Officer Dudick then saw Appellant exit the car stumbling. *Id.* at 16. He also noted that Appellant had bloodshot eyes and smelled like alcohol. *Id.* The trial court, as the fact finder, was free to accept all of Officer's Dudick's testimony. *See Ratsamy*, 934 A.2d at 1237. Thus, we conclude that the trial court was well within its purview to conclude that Officer Dudick's testimony was sufficient to establish that Appellant operated the vehicle in question based upon the officer's eyewitness observations of Appellant, the location of her car in the middle of the road, and the movement of the vehicle as he approached it. *Brotherston*, 888 A.2d at 905; *Johnson*, 833 A.2d at 263.

Therefore, viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that the evidence was

sufficient to support Appellant's DUI convictions.  ***See  Ratsamy***, 934 A.2d

at 1235-36.  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2017