**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**John BROTHERSON a/k/a John**
**Brotherston, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 1, 2005.
Filed Dec. 13, 2005.

---

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before: STEVENS, PANELLA, and TAMILIA, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County, which convicted Appellant of driving under the influence of alcohol ("DUI")[1] and sen-

tenced him that day to a mandatory minimum sentence of 48 hours' to 23 months' imprisonment. Appellant raises a challenge to the sufficiency of the evidence. We affirm.

¶ 2 At approximately 10:45 p.m. on March 24, 2001, Officer Jeffrey Trobes of the Philadelphia Police Department was on routine patrol of a closed playground at 3001 West Lehigh Avenue when he saw a car parked on the playground's basketball court. According to the officer,[2] access to the park was located at the park's 29th Street entry gate, which was routinely closed at dusk and was, in fact, closed when the officer observed the car in question. The only other way the car could have entered the park is if it had driven across a grass lot and onto the basketball court, but there was no testimony as to tire tracks through the grass or mud on the car.

¶ 3 The officer approached the car to discover that the engine was running and a driver, Appellant, was asleep in the driver's seat. From his vantage point, the officer saw an "open"[3] 40 ounce bottle of malt liquor in the car. Officer Trobes awoke Appellant, whom the officer noticed to have glassy eyes and a slow response to questions. Based on his observations, the officer administered sobriety tests, which Appellant failed. Officer Trobes therefore arrested Appellant and transported him for BAC testing, which showed Appellant to have a .118% BAC over three hours after the arrest. Accordingly, Appellant was charged with DUI.

---

1. 75 Pa.C.S.A. § 3731(a)(4)(i). The Pennsylvania Legislature repealed Section 3731 on September 30, 2003, P.L. 120, No. 24, § 14, effective February 1, 2004. The new DUI statute is 75 Pa.C.S.A. § 3802.

2. Because Officer Trobes died before the trial *de novo* before the Court of Common Pleas,

his Municipal Court testimony was entered into evidence.

3. There was no evidence from either the prosecution or defense as to how much of the open bottle had been consumed.

¶ 4 Adjudged guilty in Municipal Court, Appellant appealed for a trial *de novo* before the Court of Common Pleas. At trial *de novo*, counsel for Appellant stipulated to the admission of both BAC evidence and Officer Trobes's Municipal Court testimony before devoting the remainder of trial to legal argument that the evidence failed to establish that Appellant operated or actually controlled the vehicle while intoxicated. Simply because Appellant was behind the wheel with the engine running, defense counsel argued, did not rule out the possibility that it was a sober Appellant who drove into the park and began drinking only once there. The trial court disagreed, concluding that Appellant was operating the vehicle while intoxicated for purposes of the DUI statute. The court thus entered judgment of sentence as noted above. This timely appeal followed.

¶ 5 In his court-ordered Pa. R.A.P. 1925(b) concise statement, Appellant raised a challenge to the sufficiency of the evidence regarding "operation," which contended that it was "more likely that he defendant/appellant drove to the playground, parked and started drinking there," and regarding whether the playground/basketball court was a "highway" or "traffic way" for purposes of the DUI statute. The trial court has filed a Pa. R.A.P. 1925(a) opinion responding to both issues.

A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Williams,* 871 A.2d 254, 259 (Pa.Super.2005) (citations and quotation marks omitted).

¶ 6 At the time of Appellant's offense, Section 3731 (now repealed) of Pennsylvania's Motor Vehicle Code provided in relevant part:

**§ 3731. Driving under influence of alcohol or controlled substance**

(a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

\* \* \*

(4) While the amount of alcohol by weight in the blood of:

(i) an adult is 0.10% or greater;

\* \* \*

75 Pa.C.S.A. § 3731(a)(4)(i). "The term 'operate' requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion." *Commonwealth v. Johnson,* 833 A.2d 260, 263 (Pa.Super.2003). "Our precedent indicates that a combination of the following factors is required in determining whether a person had 'actual physical control' of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle." *Commonwealth v. Woodruff,* 447 Pa.Super. 222, 668 A.2d 1158, 1161 (1995).

A determination of actual physical control of a vehicle is based upon the totality of the circumstances. *Williams, supra* at 259. "The Commonwealth can establish through wholly circumstantial evidence that a defendant was driving, operating or in actual physical control of a motor vehicle." *Johnson, supra* at 263.

■■■ ¶ 7 Actual physical control requires more than evidence of a motorist starting the engine to a parked vehicle.

> Our courts, therefore, have properly focused on the danger that defendant poses to society in determining what constitutes actual physical control. This danger or threat to society is not shown merely by proving that defendant started the engine of a car. It is shown through a combination of the factors discussed above. The cases support the conclusion that a showing that an intoxicated defendant started a parked car, without more, is not enough to prove actual physical control. The Commonwealth must show some additional facts to illustrate that defendant was a danger to public safety.

*Commonwealth v. Byers,* 437 Pa.Super. 502, 650 A.2d 468, 470 (1994).

¶ 8 In a majority of cases, the suspect location of the vehicle, which supports an inference that it was driven, is a key factor in a finding of actual control. *See Commonwealth v. Bobotas,* 403 Pa.Super. 136, 588 A.2d 518, 521 (1991) (finding actual physical control when the defendant was found parked in an alley, where he had pulled over on the way home, with the motor running); *Commonwealth v. Crum,* 362 Pa.Super. 110, 523 A.2d 799, 800 (1987) (finding actual physical control when defendant was found sleeping in his parked car, along the side of the road, with the headlights on and the motor running). Conversely, where the location of a car supported the inference that it was not driven, this Court rejected the inference of actual physical control. Specifically, in *Byers, supra,* we concluded that there was no actual physical control even though the motorist was found asleep behind the wheel of his running car, because the car had not been moved from the parking lot of the bar where the motorist became intoxicated. *Id.*

¶ 9 The case at bar involves evidence above and beyond a showing that an intoxicated Appellant merely started the engine of a parked car. The highly inappropriate location of the car—on the basketball court of a gated children's playground—created a strong inference that it was an already intoxicated Appellant who had driven the car to that spot. Further distinguishing this case from *Byers* is the reasonable inference that Appellant's BAC of .118% more than three hours after his arrest could not have derived exclusively from the limited amount of beer available within his car.

¶ 10 Emerging from this collection of evidence is a clear illustration of the very type of public safety danger that the DUI statute was designed to combat: a drunken driver behind the wheel with engine running, having driven when he ought not and where he ought not. Accordingly, we conclude that the evidence established beyond a reasonable doubt that Appellant was operating or in actual physical control of his car while intoxicated for purposes of the former DUI statute.

¶ 11 Appellant's second argument on appeal is that the playground/basketball court was not a highway or traffic way as contemplated by the DUI statute. We find this argument waived, for the trial transcript reveals that Appellant never raised this defense at his trial. *See Commonwealth v. Melendez–Rodriguez,* 856 A.2d 1278 (Pa.Super.2004) (*en banc*) (reiterating that issues not raised before the

trial court are waived and cannot be raised for the first time on appeal).

¶ 12 Judgment of sentence is affirmed.