J-A06031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| ALEX HENRY HORVATINOVIC, | : | |
| Appellant | : | No. 1279 MDA 2015 |

Appeal from the Judgment of Sentence March 30, 2015
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0006946-2013

BEFORE:  LAZARUS, STABILE, and DUBOW, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 14, 2016**

Appellant, Alex Henry Horvatinovic, appeals from the March 30, 2015 judgment of sentence entered in the Court of Common Pleas of York County ("trial court") following his convictions of DUI: Controlled Substance-Schedule I, Second Offense, and DUI: Controlled Substance-Schedule I, II, or III, Second Offense.[1]  Appellant challenges the sufficiency and weight of the evidence.  Upon review, we affirm.

In the early morning hours of May 25, 2013, several officers of the Northern York County Regional Police Department, including Zachary Grey, were operating a DUI checkpoint on North George at Sixth Avenue in North York Borough, York Pennsylvania. N.T. Jury Trial, 1/9/15, at 49, 52.  Officer

_____

[1] 75 Pa.C.S.A §§ 3802(d)(1)(i) and 3802(d)(1)(iii), respectively.

Grey interacted with a red Hyundai Elantra at approximately 1:54 a.m.. *Id.* at 52, 53. Officer Grey identified Appellant as the driver of the vehicle. *Id.* at 54. The officer working the line approached Officer Grey with Appellant. *Id.* Appellant admitted drinking a beer and two shots of Jameson about 30 minutes before speaking to Officer Grey. *Id.* at 55. Upon completion of the field sobriety tests, Officer Grey arrested Appellant, took him to central booking, and asked him to submit to a chemical test of his blood. *Id.* at 60.

Appellant agreed to submit to a chemical test. *Id.* Officer Grey was continually in the presence of Appellant between the initial interaction and the blood draw. *Id.* at 61. Appellant did not have anything to eat or drink during the period between the field sobriety tests and the blood draw. *Id.* at 61. The blood draw occurred at 2:44 a.m.. *Id.* at 66. Ayako Chan-Hosokawa, a forensic toxicologist at NMS Laboratories, testified about the blood testing procedures and results. *See generally id.* at 95-127.

The active ingredient in marijuana, Delta-9 THC, was found in the Appellant's blood sample at a concentration of 13 nanograms per milliliter. *Id.* at 124-25. Delta-9 Carboxy THC, a final product after either smoking or ingesting marijuana, was found in Appellant's blood at a concentration of 90 nanograms per milliliter. *Id.* at 124. Additionally, 11-Hydroxy Delta-9 THC was found in Appellant's blood at a concentration of 5.1 nanograms per milliliter. *Id.* Delta-9 Carboxy THC and 11-Hydroxy Delta-9 THC are metabolites of marijuana. *Id.* at 125. Ms. Chan-Hosokawa testified that marijuana can enter the bloodstream via inhalation or orally. *Id.* at 154.

When marijuana is inhaled it can enter the bloodstream within a minute; when marijuana is consumed orally, it takes a little longer, possibly within 15 minutes.[2] *Id.* at 154-55.

A jury trial was held on January 9, 2015. The jury found Appellant guilty of DUI: Controlled Substance-Schedule I, Second Offense, and DUI: Controlled Substance-Schedule I, II, or III, Second Offense.[3] Appellant was found not guilty of DUI-Controlled Substance Combination of Drug and Alcohol.[4] On March 30, 2015, the trial court sentenced the Appellant to 60 days of incarceration at the York County Prison, followed by 90 days of house arrest with alcohol monitoring, and five years of probation. This appeal followed.

On appeal, Appellant raises four issues:

> I. Whether there was insufficient evidence to support the Jury's finding of guilt for DUI, Controlled Substance, because the Commonwealth failed to

---

[2] This Court notes the Commonwealth's improper citation to the N.T. Jury Trial, and its assertions of facts that do not exist in the record. For example, in its brief, the Commonwealth states, "Ms. Chan-Hosokawa concluded that the results are consistent with [Appellant] smoking marijuana approximately one to two hours prior to his blood draw, and before [Appellant] drove to the checkpoint." Appellee's Brief at 10. The page number where Ms. Chan-Hosokawa testified about the timing of marijuana in the bloodstream occurs on pages 154-55 not page 152. Furthermore, Ms. Chan-Hosokawa did not testify that Appellant smoked marijuana approximately one to two hours prior to his blood draw.

[3] 75 Pa.C.S.A §§ 3802(d)(1)(i) and 3802(d)(1)(iii), respectively.

[4] 75 Pa.C.S.A. § 3802(d)(3).

establish whether there was a controlled substance in [Appellant's] blood at the time of driving and whether [Appellant] drove the vehicle?

II. Whether there was insufficient evidence to support the Jury's finding of guilt for DUI, Controlled Substance, because the Commonwealth failed to establish whether [Appellant] drove the vehicle?

III. Whether the Jury's verdict is against the weight of the evidence when the Commonwealth's expert could not render an opinion as to whether there was a controlled substance in [Appellant's] blood at the time of driving?

IV. Whether the Jury's verdict is against the weight of the evidence when the Commonwealth failed to establish whether [Appellant] drove the vehicle?

Appellant's Brief at 7.

This Court's standard of review for sufficiency of the evidence is well established.

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Mauz*, 122 A.3d 1039, 1040-41 (Pa. Super. 2015) (quoting *Commonwealth v. Rahman*, 75 A.3d 497, 500-501 (Pa. Super. 2013)). Pennsylvania's DUI statute provides in relevant part:

An individual may not drive, operate or be in actual physical control of a vehicle under any of the following circumstances:

(1) There is in the individual's blood any amount of a:

(i) Schedule I controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64, known as the Controlled Substance, Drug, and Cosmetic Act. . . .

(iii) metabolite of a substance under subparagraph (i) or (ii).

75 Pa.C.S.A. § 3802(d)(1). To establish guilt, the Commonwealth must prove that the Appellant was (1) driving, operating, or be in actual physical control of a vehicle, and (2) there was a Schedule I controlled substance in the Appellant's blood or for the metabolite offense, a metabolite thereof.

As the Appellant's first two arguments contain significant overlap, this Court will address them together. Appellant's argument is that there was insufficient evidence to show that Appellant was in actual physical control of the vehicle. "Under Pennsylvania law, an eyewitness is not required to establish one was driving, operating, or in actual physical control of a motor vehicle, but rather, the Commonwealth may establish the same through wholly circumstantial evidence." *Commonwealth v. Young*, 904 A.2d 947, 954 (Pa. Super. 2006). "Our precedent indicates that a combination of the following factors is required in determining whether a person had 'actual physical control' of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle." *Commonwealth v. Williams*, 941 A.2d 14, 27 (Pa. Super. 2008) (citation omitted). "A determination of actual physical control of a vehicle is based upon the totality of the circumstances." *Commonwealth v.*

***Williams***, 871 A.2d 254, 260 (Pa. Super. 2005) (citation omitted). "In a majority of cases, the suspect location of the vehicle, which supports an inference that it was driven, is a key factor in a finding of actual control." ***Commonwealth v. Brotherston***, 888 A.2d 901, 905 (Pa. Super. 2005) (citation omitted).

In ***Commonwealth v. Lehman***, 820 A.2d 766 (Pa. Super. 2003), this Court found that the defendant was in actual physical control of a vehicle when at approximately 4:30 a.m. he was found slumped over in the driver's seat with the engine running, headlights on, and parked perpendicular to the road. ***Lehman***, 820 A.2d at 773. The Court reasoned "[i]t was apparent appellant had driven to that location after having imbibed." ***Id****.*

In ***Young***, a witness observed the defendant standing near the driver's side door moments after the vehicle crashed, the vehicle was registered to the defendant, the officer discovered the keys in the defendant's pocket, and the car's placement indicated it had been driven. ***Young***, 904 A.2d at 955. A panel of this Court found that there was ample circumstantial evidence to establish that defendant was in actual physical control of the vehicle. ***Id.***

It is clear upon a review of the totality of the circumstances that there was sufficient evidence establishing that Appellant was operating the vehicle. Appellant's red Hyundai Elantra was stopped at a DUI checkpoint. An individual does not appear at a DUI checkpoint without having been in control of a vehicle. Officer Grey was given custody of Appellant by the line

officer at the DUI checkpoint for further examination.  Viewing the evidence in the light most favorable to the Commonwealth, including the location of the vehicle, the circumstances surrounding the encounter with Officer Grey, and Officer Grey's identification of Appellant, sufficient circumstantial evidence existed to establish that Appellant drove the vehicle.  Appellant's argument fails.

Next, the Appellant argues that there was insufficient evidence to establish whether there was a controlled substance in his blood at the time of driving.  As this Court has previously noted,

> the Vehicle Code precludes an individual from operating a motor vehicle with *any* amount of scheduled controlled substance, or a metabolite thereof, in the driver's blood. Because marijuana is a Schedule I controlled substance, the Vehicle Code prohibits an individual from operating a vehicle after consuming *any* amount of marijuana.

***Commonwealth v. Jones***, 121 A.3d 524, 529 (Pa. Super. 2015) (citation omitted) (emphasis in original).  As discussed above, Appellant first interacted with Officer Grey at 1:54 a.m. and subsequently has his blood drawn at 2:44 a.m..  During this time, Appellant did not consume any food or beverages, and was continually in the presence of Officer Grey.  The results of the blood tests showed that Delta 9-THC, a main ingredient of marijuana was found in the Appellant's bloodstream.  Additionally, Delta-9 Carboxy THC and 11-Hydroxy Delta-9 THC, two metabolites of marijuana, were found in Appellant's bloodstream.  As Appellant did not consume any marijuana while at the DUI checkpoint, there was sufficient evidence to find

that the Appellant had marijuana and metabolites of marijuana in his system while he was operating a motor vehicle. Appellant's argument fails.

Appellant's final two claims are challenges to the weight of the evidence. In reviewing a claim challenging the weight of the evidence,

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000) (citation omitted). Moreover, a weight of the evidence claim "concedes that there is sufficient evidence to sustain the verdict." *Commonwealth v. Smith*, 853 A.2d 1020, 1028 (Pa. Super. 2004) (citation omitted).

Appellant asserts that because Ms. Chan-Hosokawa was unable to determine exactly when Appellant ingested marijuana, the verdict was against the weight of the evidence. Officer Grey testified that he was with Appellant from his time at the DUI checkpoint at 1:54 a.m. until the blood draw at 2:44 a.m.. During such time, Appellant did not consume any food or beverages. Furthermore, the results of the blood tests showed that Delta 9-THC, Delta-9 Carboxy THC, and 11-Hydroxy Delta-9 THC, were found in Appellant's bloodstream. Additionally, Ms. Chan-Hosokawa testified that marijuana ingested via inhalation can enter the bloodstream within a minute

and marijuana ingested orally can enter the bloodstream within fifteen minutes. Based upon the testimony of Officer Grey and Ms. Chan-Hosokawa, the trial court did not abuse its discretion when it found the verdict was not against the weight of the evidence. Appellant's argument fails.

Finally, Appellant asserts that the verdict was against the weight of the evidence because the Commonwealth failed to establish whether Appellant drove. As discussed above, based upon the testimony of Officer Grey, there was circumstantial evidence to establish that Appellant was in actual physical control of the vehicle. Therefore, the trial court did not abuse its discretion when it found the verdict was not against the weight of the evidence. Appellant's argument fails.

In conclusion, this Court finds that there was sufficient evidence to justify the verdicts and the trial court did not abuse its discretion when it found the verdict was not against the weight of the evidence.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2016