**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TERESA LYNN MANGAN | : | |
| | : | |
| Appellant | : | No. 1031 WDA 2017 |

Appeal from the Judgment of Sentence April 25, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0004009-2016

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 31, 2018**

Teresa Lynn Mangan appeals from the judgment of sentence imposed on April 25, 2017, in the Allegheny County Court of Common Pleas.  On December 8, 2016, after a non-jury trial, the trial judge convicted Mangan of two counts of driving under the influence ("DUI") (general impairment/incapable of driving safely) and one count of driving with a suspended license.[1]  The court subsequently sentenced Mangan to the following:  (1) a term of one to two years' state incarceration followed by 18 months' probation for her DUI conviction; and (2) a consecutive term of 60 days of restrictive intermediate punishment for the driving with a suspended license offense.  After a thorough review of the submissions by the parties,

_____

[1] 75 Pa.C.S. §§ 3802(a)(1) and 1543(b)(1), respectively.

relevant law, and the certified record, we affirm on the basis of the trial court opinion.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. **See** Trial Court Opinion, 12/12/2017, at 2-4. Therefore, we have no reason to restate them.

Mangan raises the following issue on appeal:

I. The evidence adduced at trial was insufficient to prove beyond a reasonable doubt that Ms. Mangan was incapable of safe driving due to alcohol consumption at the time the accident occurred.

Mangan's Brief at 16.[2]

---

[2] The DUI offense is defined as follows:

**(a)** *General impairment.*

**(1)** An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1).

In order to prove a violation of this section, the Commonwealth must show: (1) that the defendant was the operator of a motor vehicle and (2) that while operating the vehicle, the defendant was under the influence of alcohol to such a degree as to render him incapable of safe driving. **Commonwealth v. Palmer**, 2000 PA Super 123, 751 A.2d 223, 228 (Pa. Super. 2000). To establish the second element, the Commonwealth must show that alcohol has

substantially impaired the normal mental and physical faculties required to safely operate the vehicle. Substantial

J-A17002-18

After a thorough review of the record, the parties' briefs, and the relevant case law,[3] we find the trial court's December 12, 2017, opinion

_____

impairment, in this context, means a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions. Evidence that the driver was not in control of himself [or herself], such as failing to pass a field sobriety test, may establish that the driver was under the influence of alcohol to a degree which rendered him incapable of safe driving, notwithstanding the absence of evidence of erratic or unsafe driving.

*Id.* (citations and footnote omitted).

**Commonwealth v. Gause**, 164 A.3d 532, 541 (Pa. Super. 2017), *appeal denied*, 173 A.3d 267 (Pa. 2017).

[3] Our standard of review is well settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

- 3 -

J-A17002-18

comprehensively discusses and properly disposes of the question presented in this appeal:

> It is clear to this Court that [Mangan] committed this offense. Initially, [Mangan] was seen walking down the road away from the area where her vehicle had been abandoned. [Mangan]'s vehicle was left at the pump at Sheetz, had heavy front end damage, and was leaking fluids. The driver side door was open and the vehicle was unoccupied with the keys in the ignition. [Mangan]'s vehicle smelled of alcohol. When approached by police, [Mangan] had blood shot and glassy eyes, she was slurring her speech and smelled of alcohol. [Mangan] admitted to driving the vehicle, but denied consuming alcoholic beverages or wrecking her vehicle. [Mangan] retrieved her house key from the keys that had been left in the ignition, and the front bumper of her vehicle was located in the yard of another residence on her street. As such, the Commonwealth established that [Mangan] committed the offense of DUI beyond a reasonable doubt.
>
> With regard to establishing the element of being in actual physical control of the vehicle, the [**Commonwealth v. Brotherson**, 888 A.2d 901 (Pa. Super. 2005)] Court stated, "[i]n a majority of cases, the suspect location of the vehicle, which supports an inference that it was driven, is a key factor in a finding of actual control." **Brotherson**, 888 A.2d at 905. Here, [Mangan]'s vehicle was parked at a gas pump at a gas station with keys in the ignition and the driver's door open. The vehicle had sustained heavy front end damage and was leaking fluids. The bumper to the vehicle was found in the front lawn of another house on her street. Taking all of these factors together, the Commonwealth met their burden regarding [Mangan] being in actual physical control of the vehicle.

_____

**Commonwealth v. Brooks**, 7 A.3d 852, 856-857 (Pa. Super. 2010) (citations omitted), *appeal denied*, 21 A.3d 1189 (Pa. 2011).

- 4 -

Trial Court Opinion, 12/12/2017, at 5-6. Accordingly, we affirm this issue on the basis of the trial court's opinion.[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2018

---

[4] We note in its opinion, the trial court addressed additional issues Mangan raised in her Pa.R.A.P. 1925(b) concise statement. **See** Trial Court Opinion, 12/12/2017, at 3, 6-7. However, Mangan abandoned those arguments for appellate review, as she did not raise them in her brief. Accordingly, we need not address them further.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,       CRIMINAL DIVISION

v.                            CC No.:     04009-2016
                                  Superior Court Number: 1031 WDA 2017

TERESA LYNN MANGAN,

           Defendant.

Flaherty, J.                                December 12, 2017

## OPINION

Defendant Teresa Lynn Mangan ("Defendant") appeals from this Court's April 25, 2017 Order of Sentence.

On November 7, 2015, Defendant was charged with five counts of driving under the influence ("DUI") and one count of driving on a suspended license (75 Pa.C.S.A. §1543(b.1)(i)) for an incident that occurred on November 6, 2015. On December 8, 2016, the Commonwealth withdrew the first three counts of DUI pursuant to the United States Supreme Court ruling in *Birchfield v. North Dakota*, 136 S.Ct. 2160 (2016), and moved to amend the count of Driving on a Suspended License to 75 Pa.C.S.A. §1543(b.1). Thereafter, the matter proceeded to a stipulated non-jury trial and Defendant was found guilty of two counts of DUI and one count of driving on a suspended license.

On April 25, 2017, Defendant was sentenced to serve one (1) to two (2) years in a state correctional institution followed by eighteen (18) months of probation for her DUI conviction. Defendant was found to be RRRI eligible, and noted her RRRI minimum is nine (9) months. Defendant was sentenced to sixty (60) days of restrictive intermediate punishment for driving on a suspended license, which was to run consecutive to her period of incarceration.

2

On May 8, 2017, Defendant filed an Omnibus Post-Sentence Motion, which was ultimately denied on June 15, 2017. Defendant filed a timely Notice of Appeal on July 14, 2017. Defendant filed his Concise Statement on August 25, 2017 wherein she raised the following issues:

1. The trial court erred as a matter of law in denying Defendant's Post-Sentence Motion because the evidence was insufficient as a matter of law to sustain a conviction.

2. The trial court erred as a matter of law in denying Defendant's Post-Sentence Motion because the Commonwealth failed to prove that Defendant drove, operated, or was in actual physical control of the movement of a vehicle as required by statute.

3. The trial court's verdict was against the weight of the evidence.

4. The mandatory minimum used to sentence Defendant is unconstitutional pursuant to *Commonwealth v. Newman*, 2014 Pa.Super 178 (2014) and *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

5. The trial court's sentence in this matter is unduly harsh under the circumstances.

The parties stipulated to the facts as set forth in the Affidavit of Probable Cause, excluding the results of the blood draw. The relevant portions of the Affidavit states as follows:

> On Friday, November 6, 2015 around 2330 hours, I P.O. Warnock was on patrol in the area of Arbor Lane when I saw a female wearing dark clothing carrying a purse jogging on Arbor Lane near Temona. I then pulled into the Curry Hollow Sheetz when I saw P.O. Mike Booth of West Mifflin PD standing outside of his patrol vehicle in the parking lot. When I got closer to his location I noticed that he was inspecting a vehicle that was apparently abandoned in the lot with heavy front end damage leaking fluid. P.O. Booth said that he noticed the vehicle sitting at the pump with the driver side door open but the vehicle was unoccupied and no one inside of the store claimed ownership. The keys to the vehicle were still in the ignition and the vehicle smelled of alcoholic beverage. I ran the plate on the vehicle (Pa.Reg. JFK3972) and it is registered to James and Teresa Mangan of 459 Torwood Lane. I then remembered seeing the female jogging on Arbor Lane near Temona and I doubled back in an attempt to locate the female while P.O. Booth stayed at Sheetz.

3

I continued to Torwood and I found the woman that I had seen earlier in the side yard of 459 Torwood. I asked the woman where she lived and she said 459 Torwood. The woman identified herself as Teresa Mangan. While speaking with Mangan, I noticed that her eyes were blood shot and glassy and she was slurring her speech. When I got closer to Mangan, I could smell the odor of alcoholic beverage emanating from her person. Mangan said that she drove to the Baltimore House and walked home, but claimed that she had not been drinking. I asked Mangan why she left her vehicle in the Sheetz parking lot after she wrecked it and she said that she parked it, but does not remember wrecking it. I asked Mangan if she would submit to field sobriety tests and she said that she would not. I then placed Mangan in custody for DUI at 2342 hours.

I returned with Mangan to the Sheetz to gather additional information and P.O. Falconio asked Mangan if she needed any property from inside of the vehicle since it was going to be towed. Mangan said that she would need her house key from the key ring that was left in the ignition.

In addition, the parties stipulated to the following testimony: on Saturday, November 7, 2015, at 4:28 a.m., Officer Warnock responded to 423 Torwood Lane for property damage reports. (T.T. p. 11). Officer Warnock spoke with the homeowner and noticed a bumper cover belonging to a Hyundai with VIN KMHDU46DX8U328890, along with other vehicle parts in the side yard of that residence. (T.T. p. 11). This vehicle was registered to Defendant, and was associated with an earlier DUI arrest made by Officer Warnock. (T.T. p. 11).

Defendant's first issue on appeal is that this Court erred as a matter of law in denying Defendant's Post-Sentence Motion because the evidence was insufficient as a matter of law to sustain a conviction for DUI. Defendant's second issue on appeal is that this Court erred in denying Defendant's Post-Sentence Motion because the Commonwealth failed to establish that Defendant drove, operated, or was in actual physical control of the movement of a vehicle. As these two issues both address sufficiency of the evidence, they will be addressed together.

Defendant was charged with DUI—General Impairment pursuant to 75 Pa.C.S.A. §3802(a)(1). In addition, Defendant was charged with the sentencing enhancement of causing an

4

accident and having three or more prior offenses. In order to establish that Defendant committed the offense of DUI—General Impairment, the Commonwealth must establish that "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. §3802(a)(1). Further, the Commonwealth may prove this through wholly circumstantial evidence. *Commonwealth v. Brotherson*, 888 A.2d 901, 905 (Pa. Super. 2005).

It is clear to this Court that Defendant committed this offense. Initially, Defendant was seen walking down the road away from the area where her vehicle had been abandoned. Defendant's vehicle was left at the pump at Sheetz, had heavy front end damage, and was leaking fluids. The driver side door was open and the vehicle was unoccupied with the keys in the ignition. Defendant's vehicle smelled of alcohol. When approached by police, Defendant had blood shot and glassy eyes, she was slurring her speech and smelled of alcohol. Defendant admitted to driving the vehicle, but denied consuming alcoholic beverages or wrecking her vehicle. Defendant retrieved her house key from the keys that had been left in the ignition, and the front bumper of her vehicle was located in the yard of another residence on her street. As such, the Commonwealth established that Defendant committed the offense of DUI beyond a reasonable doubt.

With regard to establishing the element of being in actual physical control of the vehicle, the *Brotherson* Court stated, "[i]n a majority of cases, the suspect location of the vehicle, which supports an inference that it was driven, is a key factor in a finding of actual control." *Brotherson*, 888 A.2d at 905. Here, Defendant's vehicle was parked at a gas pump at a gas station with the keys in the ignition and the driver's door open. The vehicle had sustained heavy

5

front end damage and was leaking fluids. The bumper to the vehicle was found in the front lawn of another house on her street. Taking all of these factors together, the Commonwealth met their burden regarding Defendant being in actual physical control of the vehicle.

Defendant's third issue is that this Court's verdict was against the weight of the evidence. As noted by the Pennsylvania Supreme Court, when making a challenge to the verdict on the basis that it was against the weight of the evidence, a defendant concedes that there was sufficient evidence to sustain a conviction for that crime. *Commonwealth v. Widmer*, 560 Pa. 308, 319 (2000), citing *Commonwealth v. Whiteman*, 336 Pa.Super. 120 (1984). A challenge to weight of the evidence does not take the facts in the light most favorable to the verdict winner, rather, the correct inquiry is as follows: "notwithstanding all the facts, certain facts are clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id*. At 320. This Court has reviewed the record, and cannot find any facts that require greater weight such that ignoring them or giving them equal weight would deny justice. The parties stipulated to all of the above-mentioned facts, and Defendant did not call any additional witnesses or put any additional evidence to supplement or contradict the Commonwealth's case. As such, the entire record is comprised of the facts contained in the Affidavit of Probable Cause and the supplemental statement. As such, this Court's verdict was not against the weight of the evidence.

The Defendant's final two issues involve this Court's sentence of one (1) to two (2) years incarceration at a state correctional institution for Defendant's violation of 75 Pa.C.S.A. §3802(a)(1). Defendant argues that the sentence is unconstitutional pursuant to *Commonwealth v. Newman*, 2014 Pa.Super. 178 (2014) and *Alleyne v. United States*, 133 S.Ct. 2151 (2013) and, additionally, is unduly harsh under the circumstances.

6

The United States Supreme Court, in *Alleyne v. United States*, held that any fact, other than the fact of a prior conviction, that increases the penalty for an offense is required to be determined by the fact-finder and not determined at sentencing. Defendant's sentence in this regard falls outside the scope of *Alleyne*, as Defendant's sentence was based upon her three prior DUI convictions within ten (10) years. As such, this mandatory sentence is constitutional.

With regard to Defendant's allegation that this Court's sentence was unduly harsh, this Court will note that Defendant is RRRI eligible, and her RRRI minimum is nine (9) months. This conviction was Defendant's fourth offense for DUI since 2008.[1] During Defendant's three prior probation periods, she was directed to participate in outpatient drug and alcohol treatment, which she completed, albeit with some difficulty. The only difficulty in sentencing Defendant to a one-year period of incarceration stems from her gainful employment. However, Defendant's continued refusal to control her alcohol addiction renders her a danger to herself and others. Further, Defendant caused substantial property damage during this most recent DUI, and has little recollection of doing so. It was fortunate that she did not cause injury or death to another human being. Defendant had been given three prior warnings to change her behavior during her previous periods of probation—all for DUI. As such, imposition of the one-year mandatory sentence is not unduly harsh.

For the foregoing reasons, this Court's Judgment of Sentence entered on April 25, 2017 should be affirmed.

BY THE COURT:

_____, J.

---

[1] Defendant was charged with DUI on September 29, 2008 and completed ARD. Additionally, she was charged with DUI on March 38, 2010 and May 8, 2012 and convicted on September 13, 2010 and November 28, 2012 respectively.