J-S67042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHERZOD HALDAROV | : | |
| | : | |
| Appellant | : | No. 997 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 21, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000937-2018

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JANUARY 15, 2020**

Appellant Sherzod Haldarov appeals the judgment of sentence entered by the Court of Common Pleas of Centre County after Appellant was convicted of Driving Under the Influence (DUI) of Alcohol (78 Pa.C.S.A. § 3802(a)(1) (General Impairment – Incapable of Safely Driving)). Appellant claims there was insufficient evidence to show he had operated his car while under the influence of alcohol. We affirm.

The factual background of this case was developed at Appellant's bench trial, which was held on November 30, 2018. On the morning of May 19, 2018, Theophelia Waksmunski, a prehospital registered nurse, responded to a report of an unresponsive male found in a parked car in Philipsburg. When Ms. Waksmunski arrived at the scene, she noticed that the vehicle was running

_____

[*] Former Justice specially assigned to the Superior Court.

and was facing the wrong direction on a one-way street. Notes of Testimony ("N.T."), 11/30/18, at 4-6. The car, which had a flat tire, was located in a parking space but was protruding into the lane of travel on East Pine Street, and thus, was impeding traffic. *Id*. at 4-7. The vehicle's sole occupant, Appellant, had a disheveled appearance and seemed to be sleeping in the driver's seat. *Id*. at 7-8. When Ms. Waksmunski knocked on Appellant's window, he woke up. *Id*. at 9. While Appellant attempted to comply with Ms. Waksmunski's request to pull his vehicle into the parking space, Appellant was unable to get the vehicle completely off the roadway. *Id*. at 9-10.

When Pennsylvania State Police Troopers Ty Ammerman and Gregory Bacher arrived at the scene, Appellant was standing next to his vehicle. *Id*. at 21. The troopers observed that Appellant was disheveled, had bloodshot and glassy eyes, responded slow and sluggishly, and had a strong odor of alcohol on his person. *Id*. at 22-23. When Trooper Ammerman asked where Appellant was traveling from, Appellant first asserted he had been traveling on I-95 from Baltimore to New York, which is a substantial distance from Philipsburg. *Id*. at 21. Thereafter, Appellant claimed he was actually coming from State College. *Id*. At one point, Appellant admitted he did not know where Philipsburg was. *Id*. at 40. Appellant conceded that he had left a restaurant after consuming several shots of alcohol. *Id*. at 22. Appellant could not explain why his vehicle's tire was flat. *Id*.

As Appellant exhibited "classic signs of impairment," the troopers asked Appellant to perform field sobriety testing, but Appellant refused to do so and

become uncooperative. N.T. at 41. At that point, the officers placed Appellant under arrest for suspicion of DUI. The officers transported Appellant to a local hospital, asked that he submit to blood testing, and read Appellant the appropriate DL-26 form. However, Appellant refused to have his blood drawn.

At trial, Appellant testified on his own behalf and claimed he drove from Baltimore to Philipsburg for work. *Id*. at 56-57. Appellant asserted that he got a flat tire, made a U-turn on East Pine Street, and parked facing the wrong way on the one-way street. *Id*. When Appellant tried to start the car again to move it, Appellant's car would not start. *Id*. at 57-58. Appellant's boss, Oleg Kuts, picked him up and took him to a restaurant where Appellant drank two or three shots of Cognac before dinner, some more drinks after dinner, and another beer at Kuts's home. *Id*. at 59-60. Appellant alleged that he fell asleep at Kuts's home, awoke at 4:30 or 5:00 a.m., and walked to his car, where he again fell asleep, while he was waiting for a mechanic to arrive. *Id*. at 60. Appellant awoke to Ms. Waksmunski knocking on his window.

Appellant denied that his vehicle was running and claimed the car battery was dead. *Id*. at 61. Moreover, Appellant asserted that his car remained in the parking spot from 10:00 p.m. the night before his arrest to 6:30 a.m. the following morning. *Id*. at 67. Even though Appellant admitted his vehicle was partially blocking traffic, his car was not towed and he was not notified that his car should have been moved. Appellant indicated that he refused a blood test because he was observing the holiday of Ramadan and was prohibited from eating or giving blood during daylight hours. *Id*. at 63.

The defense also presented the testimony of Kuts, who could not recall the time in question very clearly as he had consumed alcohol the night before Appellant's arrest. *Id*. at 49. After Appellant was stranded with a flat tire on the night in question, Kuts took Appellant to the Osceola Hotel for dinner and alcoholic drinks. *Id*. at 49-51. Kuts recalled that both men drank heavily and were "pretty intoxicated" before going to sleep at Kuts's home at 1:00 or 2:00 a.m. *Id*. at 51. Kuts claimed that he left his home at 4:30 or 5:00 a.m. and saw Appellant was still sleeping on his couch. *Id*. at 52.

On November 30, 2018, Appellant was convicted of DUI (General Impairment – Incapable of Safely Driving) and various summary offenses. On March 21, 2019, the trial court sentenced Appellant to not less than five (5) days to no more than six (6) months' imprisonment. Appellant filed a post-sentence motion, which the trial court subsequently denied. Appellant filed a timely appeal and complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises one issue for review on appeal:

Was the evidence adduced by the Commonwealth insufficient to prove beyond a reasonable doubt that on Saturday, May 19, 2018, [Appellant] did unlawfully drive, operate, or be in actual control of the movement of his vehicle after imbibing a sufficient amount of alcohol such that he was rendered incapable of safely driving, operating or being in actual physical control of the movement of his vehicle?

Appellant's Brief, at 6.

In reviewing Appellant's challenge to the sufficiency of the evidence supporting his DUI conviction, our standard of review is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Leaner*, 202 A.3d 749, 768, (Pa.Super. 2019) (citation omitted). To reiterate, the jury, as the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Commonwealth v. Melvin*, 103 A.3d 1, 39 (Pa. Super. 2014) (citation omitted). In conducting review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder. *Id.* at 39-40.

*Commonwealth v. Baumgartner*, 206 A.3d 11, 14–15 (Pa.Super. 2019).

Appellant was convicted of DUI under Section 3802(a)(1) of the Vehicle Code which provides:

(a) General impairment.—

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).

Appellant argues that the prosecution failed to prove that he "operated" a motor vehicle while under the influence of a controlled substance. We are guided by the following principles:

> The term "operate" necessitates evidence of actual, physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but does not require evidence that the vehicle was in motion. **Commonwealth v. Johnson**, 833 A.2d 260, 263 (Pa.Super. 2003). Under Pennsylvania law, an eyewitness is not required to establish one was driving, operating, or in actual physical control of a motor vehicle, but, rather, the Commonwealth may establish the same through wholly circumstantial evidence. **Id.** "'Our precedent indicates that a combination of the following factors is required in determining whether a person had 'actual physical control' of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle." **Commonwealth v. Brotherson**, 888 A.2d 901, 904 (Pa.Super. 2005) (*citing* **Commonwealth v. Woodruff**, 447 Pa.Super. 222, 668 A.2d 1158, 1161 (1995)). In addition, when the location of the vehicle supports an inference that it was driven, this inference will serve as a key factor in a finding of actual control; conversely, where the location of a vehicle supports an inference that it was not driven, this Court has rejected the inference of actual control. **Brotherson**, 888 A.2d at 905. In **Brotherson**, we determined that "[t]he highly inappropriate location of the car—on the basketball court of a gated children's playground—created a strong inference that it was an already intoxicated [a]ppellant who had driven the car to that spot." **Id.**

**Commonwealth. v. Young**, 904 A.2d 947, 954 (Pa.Super. 2006).

In this case, in the early morning hours of May 19, 2018, Appellant was found unresponsive in his vehicle, which had a flat tire and was parked facing the wrong way on a one-way street, such that his vehicle was protruding into the lane of travel and impeding the flow of traffic. Responding officers noted

Appellant was disheveled, smelled of alcohol, and exhibited classic signs of intoxication.

It was reasonable for the trial court to infer that Appellant was intoxicated to the point that his impaired driving led him to incur a flat tire, subsequently drive and park his car in this inappropriate location, and then pass out behind the steering wheel of the vehicle.

The trial court was free to reject Appellant's testimony that he left his vehicle, which allegedly became inoperable the prior evening, facing the wrong way and impeding traffic for over ten hours on a busy street in Phillipsburg without anyone seeking to have Appellant's vehicle removed from the roadway. Appellant's assertion that his motor was not running was contradicted by the testimony of Ms. Waksmunski, who testified that Appellant's car was running when she arrived at the scene.[1]

When reviewing the evidence in the light most favorable to the Commonwealth, we conclude the trial court did not err in finding there was sufficient evidence that Appellant drove, operated, or was in actual physical control of his vehicle after imbibing a sufficient amount of alcohol, which rendered Appellant incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

---

[1] Even assuming Appellant's vehicle was not running when emergency personnel arrived, this fact alone is not determinative. *See Commonwealth v. Leib*, 227, 588 A.2d 922, 924 (Pa.Super. 1991) (finding the appellant had actual physical control of his vehicle when he was found asleep in his car which was parked in the middle of the road with the engine off).

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/15/2020