J. S34036/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
TARA BETH DODSON, : No. 1843 MDA 2019
:
Appellant :

Appeal from the Judgment of Sentence Entered October 17, 2019,
in the Court of Common Pleas of Perry County
Criminal Division at No. CP-50-CR-0000523-2018

BEFORE: PANELLA, P.J., BENDER, P.J.E. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 22, 2020**

Tara Beth Dodson appeals from the October 17, 2019 judgment of
sentence entered by the Court of Common Pleas of Perry County following her
conviction of driving under the influence of a controlled substance.[1] The trial
court sentenced appellant to a term of seven days to six months' incarceration.
After careful review, we affirm.

The following factual and procedural history can be gleaned from the
certified record: In the early morning hours of September 12, 2019,
Jason Taylor was arrested and transported to the Pennsylvania State Police
barracks in Newport, Pennsylvania. At approximately 2:00 a.m., appellant
arrived at the barracks to pick up Taylor. Upon appellant's arrival, the trooper

---

[1] 75 Pa.C.S.A. § 3802(d)(2).

on duty, Benjamin Markosky, noticed the odor of marijuana emanating from her person. Trooper Markosky further noted that appellant's eyes appeared dilated, her speech was slurred, and she appeared to be nervous. Appellant denied using any drugs.

Trooper Markosky administered a litany of sobriety tests on appellant, including the horizontal gaze nystagmus test, lack of convergence test, modified Romberg test, walk-and-turn test, and one-leg stand test. Following the administration of the sobriety tests, Trooper Markosky determined that appellant was impaired and incapable of operating a vehicle safely. Appellant then consented to a blood draw; however, the blood draw was not successful. Appellant was then processed and released.

Following a bench trial, the trial court convicted appellant of the aforementioned offense on June 17, 2019. On October 17, 2019, the trial court imposed sentence. Appellant filed a timely notice of appeal on November 12, 2019. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and appellant timely complied. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on January 6, 2020.

Appellant raises the following issue for our review:

> Whether or not the evidence introduced at the non-jury trial was sufficient to prove beyond a reasonable doubt appellant had been operating a motor vehicle while under the influence?

Appellant's brief at 8 (full capitalization omitted).

When conducting sufficiency of the evidence reviews, we are governed by the following standard:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolve by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.
>
> **Commonwealth v. Franklin**, 69 A.3d 719, 722-723 (Pa.Super. 2013) (internal quotations and citations

omitted). Importantly, "the [fact finder], which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence." ***Commonwealth v. Ramtahal***, [] 33 A.3d 602, 607 ([Pa.] 2011).

***Commonwealth v. Sebolka***, 205 A.3d 329, 336-337 (Pa.Super. 2019).

Here, the trial court convicted appellant of driving under the influence of a controlled substance. The Motor Vehicle Code defines this offense as:

> **(d)** **Controlled substances.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> . . . .
>
> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2).

First, appellant contends that the Commonwealth failed to establish beyond a reasonable doubt that she was operating a vehicle while under the influence of a controlled substance. (Appellant's brief at 12-14.)

> "The term 'operate' requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion." ***Commonwealth v. Johnson***, 833 A.2d 260, 263 (Pa.Super. 2003).
>
> "Our precedent indicates that a combination of the following factors is required in determining whether a

> person had 'actual physical control' of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle." ***Commonwealth v. Woodruff***, [], 668 A.2d 1158, 1161 ([Pa.Super.] 1995). A determination of actual physical control of a vehicle is based upon the totality of the circumstances. ***Williams***, ***supra*** at 259. "The Commonwealth can establish through wholly circumstantial evidence that a defendant was driving, operating or in actual physical control of a motor vehicle." ***Johnson***, ***supra*** at 263.

***Commonwealth v. Toland***, 995 A.2d 1242, 1246 (Pa.Super. 2010), ***appeal denied***, 29 A.3d 797 (Pa. 2011), quoting ***Commonwealth v. Brotherson***, 888 A.2d 901, 904-905 (Pa.Super. 2005), ***appeal denied***, 899 A.2d 1121 (Pa. 2006).

Specifically, appellant argues as follows:

> Appellant could not be placed in operation of the motor vehicle, no testimony given to say she drove there and [no] video evidence to show she drove there. No keys were noted as being taken, located on her person or in the vehicle.[2] . . . No extra steps were taken to prove beyond a reasonable doubt that [a]ppellant drove to the barricks [sic] and was indeed under the influence.

Appellant's brief at 15.

At trial, the Commonwealth presented evidence from Trooper Markosky. Trooper Markosky testified that after he had administered sobriety tests to appellant, he exited the barracks to retrieve appellant's registration from her

---

[2] The Commonwealth notes in its brief that keys are seen in appellant's hand in the Newport state police barracks' lobby video surveillance camera, which was admitted into evidence at trial. (Commonwealth's brief at 2 n.1.)

vehicle and to "see if anything was in plain view." (Notes of testimony, 6/17/19 at 10.) Trooper Markosky further testified that he "did not believe" that there was anyone else in appellant's vehicle other than herself. (*Id.* at 13.) He also testified that aside from appellant, the only other person to enter the barracks was an unidentified individual, to whom Trooper Markosky referred as "the firefighter." (*Id.*)

After reviewing this evidence in the light most favorable to the Commonwealth, we find that the Commonwealth presented sufficient evidence to prove, beyond a reasonable doubt, that appellant was driving, operating, or in physical control of a motor vehicle. *See Johnson*, 833 A.2d at 263.

Appellant also contends that the Commonwealth failed to meet its burden of proof pertaining to appellant's alleged impairment by relying upon standard field sobriety tests. (Appellant's brief at 14.)

Section 3802(d)(2) of the Motor Vehicles Code "does not require proof of a specific amount of a drug in the driver's system. It requires only proof that the driver was under the influence of a drug or combination of drugs to a degree that the ability to drive is impaired." *Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa.Super. 2012), citing *Commonwealth v. Williamson*, 962 A.2d 1200, 1204 (Pa.Super. 2008). The *Tarrach* court further observed that in *Commonwealth v. Griffith*, 32 A.3d 1231, 1240 (Pa. 2011), our supreme court found that "police observations and a failed sobriety test

sufficed to satisfy the inquiry, even without expert testimony. *Tarrach*, 42 A.3d at 346. Finally, this court has held that "there is no requirement that videotape or physical evidence be presented at trial[,]" and that a police officer's testimony "is sufficient to prove the elements of DUI-general impairment." *Commonwealth v. Giron*, 155 A.3d 635, 638 (Pa.Super. 2017) (citations omitted).

Specifically, appellant argues as follows:

> As for the Standard Field Sobriety Tests, none of them alone are indicators that someone is impaired. For example, the HGN resulted in no indicators, the 30 seconds in 29 seconds, almost perfect. The balance test, which the Trooper indicated there was swaying, admitted that it could not be seen on the video.

Appellant's brief at 15.

This argument is belied by our case law. Indeed, as noted above, police testimony and a failed sobriety test are sufficient to prove impairment beyond a reasonable doubt. *Tarrach*, 42 A.3d at 346. Here, the police administered a litany of field sobriety tests on appellant. As summarized by the trial court:

> In the case at bar, Trooper Markosky observed several indicators of being under the influence. These indicators, when all put together, can lead a person with the training and experience of a State Police Trooper to the conclusion that the individual is in fact under the influence of a controlled substance. Trooper Markosky testified that, . . . . [he] observed [appellant's] pupils being dilated, slurred speech, eyelid tremors, and an inability to stand without swaying. Each of these alone is not enough to support a conviction, but when viewed as a whole, they

> support the conclusion of [appellant's] being under the influence of a controlled substance.

Trial court opinion, 1/6/20 at unnumbered page 2.

When viewed in the light most favorable to the Commonwealth, we find that the Commonwealth has met its burden by establishing, beyond a reasonable doubt, that appellant exhibited the impairment required under Section 3802(d)(2). Accordingly, appellant's issue is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2020