J-S08043-21

2021 PA Super 60

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                               :        PENNSYLVANIA
                               :
          v.                   :
                               :
                               :
                               :
JOSEPH DIROSA                  :
                               :
          Appellant            : No. 1337 MDA 2020

Appeal from the Judgment of Sentence Entered August 18, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001268-2019

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                  **FILED APRIL 6, 2021**

Appellant Joseph Dirosa appeals the judgment of sentence entered by the Court of Common Pleas of Berks County after Appellant was convicted of Driving Under the Influence (DUI: Highest Rate of Alcohol), 75 Pa.C.S.A. § 3802(c).  Appellant challenges the sufficiency of the evidence supporting his conviction.  We affirm.

On December 9, 2018, Reading Police Department Captain Brian Rodgers was working as the midnight shift commander in a marked patrol unit.  Notes of Testimony (N.T.), 7/14/20, at 21.  At approximately 2:30 a.m., Captain Rodgers, who was partnered with Sergeant Lillis, decided to drive to the Wawa convenience store on North 11th Street in Reading, as he noted that the "bar volume was heavy and that was a time when a lot of patrons would

---

[*] Former Justice specially assigned to the Superior Court.

visit the Wawa." N.T. at 21. When the officers arrived at the Wawa, they parked the patrol vehicle and approached the store on foot. N.T. at 22.

Thereafter, the officers noticed a green Honda Civic that had failed to park between the clearly-marked lines of the handicapped parking spaces. N.T. at 22. Upon closer inspection, the officers observed Appellant slumped over in the driver's seat with his head on his chest. N.T. at 22-23. Appellant was alone in the vehicle and the engine was running. N.T. at 22-23.

Captain Rodgers rapped on the window to attract Appellant's attention, but Appellant did not stir. N.T. at 23. When Captain Rodgers opened the driver's door, he smelled a strong odor of alcohol emanating from the vehicle and noticed that a flask in the driver's door pocket. N.T. at 24.

Captain Rodgers shook Appellant "pretty hard" and asked Appellant if he was ok. N.T. at 24. Appellant woke up, but took several seconds to respond, and appeared confused. N.T. at 24. Captain Rodgers testified that Appellant's "confusion continued for a little longer than I would expect if someone was just sleeping and got abruptly awoken." N.T. at 24. Captain Rodgers also noticed that Appellant's speech was slurred. N.T. at 25.

Based on these observations, Captain Rodgers suspected Appellant was intoxicated. N.T. at 25. Captain Rodgers then coaxed Appellant out of the vehicle and reached in and removed the keys from the ignition as he was concerned that Appellant might try to drive away from the officers while intoxicated. N.T. at 25.

When Captain Rodgers asked Appellant if he had been drinking, Appellant admitted that he "had three shots before leaving home." N.T. at 26. Appellant fumbled in attempting to get his license out of his wallet, which Captain Rodgers noted was consistent with his experience of observing intoxicated individuals that had impaired motor skills. N.T. at 26. When Captain Rodgers asked Appellant for his address, Appellant had such difficulty saying his address that he needed four attempts to do so due to his inability to control his slurred speech. N.T. at 26-27. Appellant told the officers that several unnamed erotic dancers were responsible for why he was in this place at this time in his condition. N.T. at 46.

Appellant submitted to field sobriety testing, during which he demonstrated multiple indicators of intoxication. N.T. at 27-39. Officer James Gresh transported Appellant to Central Processing, where Appellant was administered a breath test, which measured Appellant's blood alcohol content (BAC) to be .211. N.T. at 53, 60-61; Commonwealth's Exhibit 5.

After Appellant was charged in this case, he proceeded to a bench trial on July 17, 2020, in which the trial court convicted Appellant of DUI (Highest Rate of Alcohol). On August 18, 2020, the trial court sentenced Appellant to seventy-two hours to six months' incarceration. On August 26, 2020, Appellant filed a *pro se* post-sentence motion.[1] On August 28, 2020, trial

---

[1] As Appellant was represented by counsel, the trial court did not entertain his *pro se* post-sentence motion. **Commonwealth v. Jette**, 611 Pa. 166, 23

- 3 -

counsel filed a counseled post-sentence motion on Appellant's behalf, which the trial court denied on October 5, 2020.

On October 13, 2020, Appellant filed a timely notice of appeal. On October 19, 2020, the trial court directed Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b), indicating that "[a]ny issue not included in a timely filed and served statement … shall be deemed waived." 1925(b) order, 10/29/20, at 1. On November 5, 2020, Appellant filed a timely Concise Statement.

Appellant raises one issue for our review on appeal:

> Whether there was sufficient evidence to support the court's verdict as to driving under the influence as the Commonwealth failed to prove that the Appellant drove, operated or was in actual physical control of the movement of a motor vehicle as the evidence did not establish that the Appellant drove his vehicle to the Wawa or that he was in actual physical control of the vehicle while sitting in a parked vehicle at the parking lot of the Wawa?

Concise Statement, 11/5/20, at 1.

Our standard of review is as follows:

> [i]n reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, [is] sufficient to support all elements of the offense. ***Commonwealth v. Moreno***, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the

---

A.3d 1032, 1044 (reiterating that "the proper response to any pro se pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion"); ***Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa.Super. 2007) (noting that, where defendant was represented by counsel, his "*pro se* post-sentence motion was a nullity, having no legal effect").

evidence or substitute our own judgment for that of the fact finder. ***Commonwealth v. Hartzell***, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. ***Moreno, supra*** at 136.

***Commonwealth v. Ballard***, \_\_\_A.3d\_\_\_, 2020 PA Super 295 (Pa.Super. 2020) (quoting ***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011)).

Appellant was charged with DUI (Highest Rate of Alcohol) under Section 3802(c) of the Vehicle Code which provides as follows:

**(c) Highest rate of alcohol**.--An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(c).  This Court has held that "[u]nder section 3802(c), the elements of DUI—highest rate are: "(1) that a person drove, operated or was in actual physical control of a motor vehicle; and (2) that such action was conducted after imbibing enough alcohol that the actor's BAC reached 0.16% within two hours after driving."  ***Commonwealth v. Starry***, 196 A.3d 649, 657 (Pa.Super. 2018) (quoting ***Commonwealth v. Thur***, 906 A.2d 552, 564 (Pa.Super. 2006) (citation omitted)).

Appellant limits his sufficiency challenge to the issue of whether the Commonwealth presented sufficient evidence that he "drove, operated, or was in actual physical control of a vehicle" while he was intoxicated.  Appellant alleges that he was merely sitting in a vehicle in the Wawa parking lot and

faults the Commonwealth for not presenting testimony or video surveillance to show that Appellant drove the vehicle to the Wawa. Moreover, Appellant reiterates his assertion that any number of individuals, including "erotic dancers," may have driven Appellant's vehicle and parked it at the Wawa. Appellant's Brief, at 14.

However, while the Commonwealth was required to show that the Appellant was operating or in actual physical control of a vehicle while under the influence of alcohol, the prosecution did not need to present evidence that the vehicle was in motion. This Court has held that:

> "The term 'operate' requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion." *Commonwealth v. Johnson*, 833 A.2d 260, 263 (Pa.Super. 2003)."Our precedent indicates that a combination of the following factors is required in determining whether a person had 'actual physical control' of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle." *Commonwealth v. Woodruff*, [ ], 668 A.2d 1158, 1161 ([Pa.Super.] 1995). A determination of actual physical control of a vehicle is based upon the totality of the circumstances. *Williams*, *supra* at 259. "The Commonwealth can establish through wholly circumstantial evidence that a defendant was driving, operating or in actual physical control of a motor vehicle." *Johnson*, *supra* at 263.

*Commonwealth v. Toland*, 995 A.2d 1242, 1246 (Pa.Super. 2010) (quoting

*Commonwealth v. Brotherson*, 888 A.2d 901, 904-905 (Pa.Super. 2005)).

In *Toland*, this Court found there was sufficient evidence for the trial court to conclude that the appellant was in actual physical control of the movement of a vehicle when officers found the appellant parked outside a store and asleep

in the driver's seat of a vehicle with the motor running and headlights illuminated. **Toland**, **supra** at 1246.

Similarly, in this case, it is undisputed that officers discovered Appellant's vehicle outside a Wawa at approximately 2:30 a.m. in which Appellant had failed to maneuver his vehicle between the clearly marked lines of the handicapped parking spaces in front of the store. Appellant, who was slumped over in the driver's seat of the running vehicle, was initially unresponsive when officers tried to wake him up. When Appellant eventually awoke, he admitted to the officers that he had consumed "three shots before leaving home." N.T. at 26. Based on this evidence, it was reasonable for the trial court to infer that Appellant was intoxicated when he drove his vehicle and parked in front of the Wawa convenience store.

To the extent that Appellant speculates that someone else could have driven his vehicle to the Wawa convenience store and parked it there, Appellant is asking this Court to credit his version of the events over the prosecution's account. This argument challenges the weight of the evidence, not its sufficiency. **See Commonwealth v. Perez**, 625 Pa. 601, 620, 93 A.3d 829, 840 (2014) (finding that the appellant's claim that his explanation of the disputed events negated the prosecution's theory of the case went to the weight of the evidence, not sufficiency).

However, Appellant did not raise a separate challenge to the weight of the evidence in his Rule 1925(b) statement or in his appellate brief. It is well-established that "[i]n order to preserve a claim for appellate review, an

appellant must comply whenever the trial court orders him to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925, and any issues not raised in a 1925(b) statement will be deemed waived." ***Commonwealth v. Knight***, ___Pa.___, 241 A.3d 620, 634 (2020) (citing ***Commmonwealth v. Hill***, 609 Pa. 410, 427, 16 A.3d 484, 494 (2011)). As a result, this particular issue is waived.

Accordingly, when viewing the record in the light most favorable to the Commonwealth as verdict winner, we conclude that the trial court did not err in finding that the Commonwealth presented sufficient evidence to show that Appellant drove, operated and actual physical control of a motor vehicle while under the influence of alcohol.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/06/2021