J-S19006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIE ABNER VELAZQUEZ | : | |
| | : | |
| Appellant | : | No. 1100 MDA 2022 |

Appeal from the Judgment of Sentence Entered July 20, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000379-2021

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED: AUGUST 2, 2023**

Appellant, Willie Abner Velazquez, appeals from the judgment of sentence of 120 days' to 5 years' incarceration, as well as fines and costs, imposed after a jury convicted him of driving under the influence of alcohol (DUI), 75 Pa.C.S. § 3802(c) (highest rate of alcohol), and driving under the influence of a combination of a controlled substance and alcohol, 75 Pa.C.S. § 3802(d)(3). The trial court also convicted Appellant of driving while his operating privileges were suspended/revoked, 75 Pa.C.S. § 1543(b)(1.1)(i). On appeal, Appellant seeks to challenge the sufficiency of the evidence to sustain his convictions. Additionally, his counsel, Kent D. Watkins, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The trial court summarized the facts of this case, as follows:

Testimony offered at the June 24, 2022 trial included that elicited from Trooper William Moyer of the Pennsylvania State Police. On August 19, 2019, Trooper Moyer was then employed as an officer with the Shenandoah Police Department in Shenandoah, Schuylkill County. Shortly before 3:00 p.m. that day, he was dispatched to respond with EMS to outside of the Dollar Tree for an unresponsive male. He was at the scene within a few minutes, and he found [Appellant] slumped over while sitting in the driver['s] seat of a motor vehicle which was parked in the wrong direction on the two-lane roadway — facing head-on to opposing traffic — directly outside the store. [Appellant] was the only occupant in the vehicle. The keys were in the ignition and the vehicle's engine was running.

After the officer yelled through an open window of the vehicle, [Appellant] awoke. Trooper Moyer testified that [Appellant] slurred his speech; he had a strong odor of alcoholic beverages emanating from his body, and exhibited glassy, bloodshot eyes. [Appellant] was unable to stay focused on the trooper's communication or to maintain his balance. After Trooper Moyer advised [Appellant] that he was determined to be too impaired to complete field sobriety tests, [Appellant] stated that he was "drunk." [Appellant] subsequently submitted to a timely blood draw which, after testing, indicated that he had a .179% blood alcohol content, together with various drugs in his system, including methamphetamine[] and sedatives.

Trial Court Opinion, 9/15/22, at 2 (footnote omitted).

Based on this evidence, Appellant was convicted of the above-stated offenses. On July 20, 2022, he was sentenced to the term of incarceration set forth *supra*. Appellant filed a timely notice of appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, preserving a single issue challenging the sufficiency of the evidence to sustain his convictions. The court filed its Rule 1925(a) opinion on September 15, 2022.

On November 30, 2022, Attorney Watkins filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an **Anders** brief, discussing the following issue that Appellant seeks to raise on appeal: "Did the Commonwealth present sufficient evidence that … [A]ppellant was in actual control of the vehicle when he was [convicted of DUI]?" **Anders** Brief at 4. Attorney Watkins concludes that this issue is frivolous, and that Appellant has no other, non-frivolous claims he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

> ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Watkins' ***Anders*** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Watkins also states in his petition to withdraw that he has supplied Appellant with a copy of his ***Anders*** brief. Additionally, while Attorney Watkins initially failed to provide this Court with a copy of the letter informing Appellant of the rights enumerated in ***Nischan***, counsel subsequently filed a copy of that letter when ordered to do so by this Court. Accordingly, counsel has complied with the technical requirements for withdrawal. To date, this Court has not received a *pro se* response from Appellant. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

Appellant contends that the evidence was insufficient to support his convictions because the Commonwealth failed to prove that he drove, operated, or was in actual physical control of his vehicle, as required for his two DUI offenses and his summary offense of driving while his license was revoked. *See* 75 Pa.C.S. § 3802(c) ("An individual may not ***drive, operate or be in actual physical control*** of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.") (emphasis added); 75 Pa.C.S. § 3802(d)(3) ("An individual may not ***drive, operate or be in actual physical control*** of the movement of a vehicle under any of the following circumstances: … (3) The individual is under the combined influence of alcohol and a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.") (emphasis added); 75 Pa.C.S. § 1543(b)(1.1)(i) ("A person who has an amount of alcohol by weight in his blood that is equal to or greater than .02% at the time of testing or who at the time of testing has in his blood any amount of a Schedule I or nonprescribed Schedule II or III controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or its metabolite or who refuses testing of blood or breath and who ***drives a motor vehicle*** on any highway or trafficway of this Commonwealth at a time when the

person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 or former section 3731 or because of a violation of section 1547(b)(1) or 3802 or former section 3731 or is suspended under section 1581 for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.") (emphasis added; footnote omitted).

Initially, we observe that,

[w]hether the evidence was sufficient to sustain the charge presents a question of law. *Commonwealth v. Toritto*, 67 A.3d 29 (Pa. Super. 2013) (*en banc*). Our standard of review is *de novo*, and our scope of review is plenary. *Commonwealth v. Walls*, 144 A.3d 926 (Pa. Super. 2016). In conducting our inquiry, we examine[,]

whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, [is] sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (quotation omitted).

*Commonwealth v. Rojas-Rolon*, 256 A.3d 432, 436 (Pa. Super. 2021), *appeal denied*, 285 A.3d 879 (Pa. 2022).

According to Attorney Watkins, it would be frivolous to claim that the evidence was insufficient to prove that Appellant drove, operated, or was in actual physical control of his vehicle, where Appellant was found asleep in the driver's seat of the car, with the keys in the ignition, and the vehicle's engine running. *See Anders* Brief at 11. Considering these circumstances, as well as the fact that Appellant's vehicle was parked oddly, we agree.

In *Commonwealth v. Brotherson*, 888 A.2d 901 (Pa. Super. 2005), we explained that "[t]he term 'operate' requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion." *Id.* at 904. The *Brotherson* panel acknowledged that "[i]n a majority of cases, the suspect location of the vehicle, which supports an inference that it was driven, is a key factor in a finding of actual control." *Id.* at 905 (citations omitted). The panel then concluded that the "highly inappropriate location" of Brotherson's car, which was found "on the basketball court of a gated children's playground[,] created a strong inference that it was an already[-]intoxicated Brotherson who had driven the car to that spot." *Id.* Similarly, in *Commonwealth v. Dirosa*, 249 A.3d 586 (Pa. Super. 2021), *appeal denied*, 261 A.3d 1033 (Pa. 2021), we found the evidence sufficient to support Dirosa's DUI conviction, where officers discovered Dirosa asleep in the driver's seat of his vehicle, which was parked outside a Wawa gas station at

approximately 2:30 a.m., in between the clearly marked lines of the handicap parking spaces in front of the store. *Id.* at 590. Additionally, in *Commonwealth v. Toland*, 995 A.2d 1242 (Pa. Super. 2010), we concluded the Commonwealth had presented sufficient evidence of actual physical control where officers found Toland parked outside a store and asleep in the driver's seat of his vehicle with the motor running and headlights illuminated. *Id.* at 1246.

As in *Brotherson*, *Dirosa*, and *Toland*, we conclude that the evidence in this case was sufficient to prove that Appellant operated, drove, or was in actual physical control of his vehicle. Appellant "was found behind the wheel without the warning lights [and] with the engine running[,] asleep in the driver's seat." *Anders* Brief at 11. Additionally, his vehicle was parked facing the wrong direction, toward oncoming traffic directly outside of a store. These facts were sufficient to circumstantially prove that Appellant had driven the car to that location while in an inebriated state. Thus, we agree with Attorney Watkins that Appellant's challenge to the sufficiency of the evidence is frivolous. Additionally, our independent review of the record reveals no other, non-frivolous claims he could assert herein. Therefore, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/2/2023