J-S28012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TOMMY ALEXANDER HAYES | : | |
| | : | |
| Appellant | : | No. 1292 WDA 2022 |

Appeal from the Judgment of Sentence Entered August 17, 2022
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0002287-2021

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: October 13, 2023**

Tommy Alexander Hayes appeals from the judgment of sentence after the trial court convicted him of driving under the influence ("DUI"), operating a vehicle without financial responsibility, and driving with a suspended license. Hayes argues that the evidence was insufficient to support his DUI conviction because the Commonwealth failed to establish that he was impaired at the time he was driving the vehicle. We affirm.

For purposes of this appeal, Hayes does not dispute that he was intoxicated when he was arrested by Officer Zachery Potts of the Economy Borough Police Department. Following trial, the trial court found Hayes guilty of the aforementioned crimes. The trial court sentenced Hayes to six months

_____

[*] Former Justice specially assigned to the Superior Court.

of restrictive probation, with electronic monitoring for the first 30 days, and fines. Hayes filed a post-sentence motion, which the trial court denied. Hayes filed this timely appeal. Hayes's argument on appeal is premised on the undisputed fact that he last operated his vehicle two hours before he was arrested. According to Hayes, the Commonwealth failed to prove that he did not imbibe alcohol in the intervening hours, thereby rendering it mere supposition that he was intoxicated when he drove.

We review Hayes's sufficiency of evidence challenge under the following standard of review:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Dahl*, 296 A.3d 1242, 1250 (Pa. Super. 2023) (citation and brackets omitted).

Hayes contends that the evidence was insufficient to support his DUI conviction because the Commonwealth failed to establish that he was impaired "at the time of driving" the vehicle. Appellant's Brief at 10, 13, 14, 16. Hayes highlights that he never admitted to when or where he had been drinking, his vehicle was parked in a parking lot, he had not operated the vehicle for nearly two hours before being discovered by officers, there were no field sobriety tests or chemical testing conducted, and Officer Potts did not search his vehicle to determine whether he had consumed alcohol after operating the vehicle. *See id.* at 14-15. Hayes further notes that there was no evidence that he had an enormously elevated blood alcohol content to overcome the time that had passed between his driving of the vehicle and when the officers found him. *See id.* at 16. Hayes asserts that the evidence leaves open the possibility that he only consumed alcohol at the scene after parking when he was no longer driving or operating the vehicle. *See id.* at 14-15.

Section 3802(a)(1) of the Vehicle Code provides that "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(a)(1). Section 3802(a)(1) is an "at the time of driving" offense. *Commonwealth v. Segida*, 985 A.2d 871, 878 (Pa. 2009). In other words, an "at the time of driving offense" requires proof that the defendant "was driving, operating, or in actual

physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." *Id.* at 879; *see also Commonwealth v. Clemens*, 242 A.3d 659, 665 (Pa. Super. 2020) ("The Commonwealth must establish that the defendant (1) was operating a motor vehicle (2) after imbibing a sufficient amount of alcohol such that he was rendered incapable of safely operating the motor vehicle." (citation omitted)).

> To prove a person is incapable of driving safely, the Commonwealth must prove that alcohol has substantially impaired the normal mental and physical faculties required to operate the vehicle safely; substantial impairment means a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions. The meaning of substantial impairment is not limited to some extreme condition of disability. Section 3802(a)(1), like its predecessor, is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving.

*Clemens*, 242 A.3d at 665 (citation omitted); *see also Commonwealth v. Eichler*, 133 A.3d 775, 790 (Pa. Super. 2016) ("Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol—not on a particular blood alcohol level." (citation omitted)). "The Commonwealth can establish through wholly circumstantial evidence that a defendant was driving … a motor vehicle." *Commonwealth v. Dirosa*, 249 A.3d 586, 589 (Pa. Super. 2021) (citation omitted).

Officer Potts testified that just before midnight on October 23, 2021, he was dispatched to a Taco Bell parking lot after receiving a call about a possibly intoxicated male sleeping in his vehicle. *See* N.T., 9/14/22, at 17-18, 46-47. Officer Potts indicated that the vehicle was "parked crooked in between the two white lines in the parking lot." *Id.* at 18. Upon approaching the vehicle, Officer Potts observed Hayes bundled up in a red hoody sitting in the back seat of the vehicle. *See id.* at 19, 42. He attempted to gain Hayes's attention by knocking on the window but received no response. *See id.* at 19, 43, 48.

Officer Potts then opened the rear passenger door and tapped Hayes on the leg; eventually, Hayes started to wake up and crawled out of the vehicle. *See id.* at 19, 20, 43, 48-49. Hayes dropped a knife after alighting from the vehicle. *See id.* at 20-21. Thereafter, Officer Potts retrieved the knife and conducted a pat down search for weapons. *See id.* at 21. He noted that Hayes was confused; he had difficultly following instructions; his pupils were dilated and his eyes were glassy; he was slurring his words; and he smelled like alcohol. *See id.* at 20-22. Officer Potts opined that Hayes drove to the parking lot while intoxicated. *See id.* at 22.

Officer Potts indicated that Hayes stated that a friend had dropped him off at the parking lot and he was staying at a motel up the road. *See id.* at 23. He asked Hayes to do some field sobriety tests, which Hayes refused; Hayes was then placed under arrest for suspicion of DUI. *See id.* at 23, 27, 49. After asking Hayes whether he needed anything from the vehicle, Hayes

wanted his wallet, phone, and keys. *See id.* at 27, 50. The officers found the items along with a small bag of marijuana in the vehicle. *See id.*

Officer Potts testified that he obtained video footage from a license plate reader camera at the corner of Economy Way and Route 65, which faced the Taco Bell. *See id.* at 24-25, 36. He noted that Hayes's vehicle enters the frame of the video at 10:02 p.m., when he turned into the Taco Bell parking lot. *See id.* at 37, 39, 55. Officer Potts highlighted that Hayes did not use his turn signal when entering the parking lot, and that he entered into the left lane of a two lane road while turning right off of Route 65. *See id.* at 39, 55-56. Officer Potts indicated that Hayes strikes the curb as he pulled into a parking spot. *See id.* at 39, 60-61. Officer Potts observed that Hayes parked crookedly between two parking spots. *See id.* At approximately 11:06 p.m., Hayes gets out of the driver's seat and gets into the rear of the vehicle. *See id.* at 40, 61-62. The video shows Officer Potts arrived on the scene at 11:54 p.m. *See id.* at 41, 62-63.

This evidence, viewed in a light most favorable to the Commonwealth as the verdict winner, was sufficient to establish that Hayes drove to the Taco Bell parking lot while intoxicated and parked his vehicle. *See Dirosa*, 249 A.3d at 589. While Hayes claims it is equally possible that he became intoxicated after he parked the vehicle, the Commonwealth presented significant evidence to the contrary. Specifically, the evidence demonstrated that when Hayes drove the vehicle into the Taco Bell parking lot, he hit a curb

when attempting to park the vehicle, parked the vehicle crookedly between two parking spots, then, after about an hour, got out of the driver's seat and went to sleep in the back of the vehicle. When Officer Potts found him 40 minutes later, Hayes was completely unresponsive and clearly drunk. Additionally, when Officer Potts and another officer searched the vehicle, there was no evidence that they observed empty bottles inside. **See** Trial Court Opinion, 12/29/22, at 9-10 n.22 (noting that had Hayes "parked his car and then began consuming enough alcohol to become unconscious, [the trial c]ourt would expect that [Officer Potts] would have observed the beverage container laying about the rear seat area where [he] lost consciousness.").

Finally, the Commonwealth presented two pieces of evidence that Hayes was conscious of his guilt. First, the Commonwealth presented evidence that Hayes lied to Officer Potts about how he had arrived at the parking lot. This lie constitutes evidence of Hayes's consciousness of guilt. **See Commonwealth v. Chapman**, 136 A.3d 126, 128 (Pa. Super. 2016). Second, the Commonwealth presented evidence that Hayes refused chemical testing after he was arrested. N.T., 9/14/22, at 28. This also constituted evidence of Hayes's consciousness of guilt. **See** 75 Pa.C.S.A. § 1547(e).

In light of the foregoing, we conclude that the evidence was sufficient, such that the trial court, sitting as fact-finder, was not engaging in mere supposition in finding that Hayes was intoxicated when he drove the vehicle into the parking lot. **See Dirosa**, 249 A.3d at 590 (concluding that the

- 7 -

Commonwealth presented sufficient evidence to show that appellant drove a motor vehicle while under the influence of alcohol where he was discovered sleeping in his parked vehicle and was initially unresponsive to officers and admitted to drinking alcohol); *see also Commonwealth v. Williams*, 871 A.2d 254, 260 (Pa. Super. 2005) (rejecting appellant's claim that he consumed alcohol nearby his car when the officers found him slumped over the steering wheel because there was no evidence to support such a proposition).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  10/13/2023