J-S36006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN RONALD SWEGLES | : | |
| | : | |
| Appellant | : | No. 368 WDA 2025 |

Appeal from the Judgment of Sentence Entered March 21, 2025
In the Court of Common Pleas of Indiana County
Criminal Division at No(s): CP-32-CR-0000221-2024

BEFORE: PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED: November 20, 2025**

Kevin Ronald Swegles appeals from the judgment of sentence imposed on March 21, 2025, in the Indiana County Court of Common Pleas, for his conviction of driving under the influence of alcohol ("DUI")—highest rate.[1] Swegles asserts the evidence was insufficient for his conviction. We affirm.

Following a bench trial, the trial court set forth its findings of fact as follows:

A. At approximately 4:21 P.M. on July 16, 2023, Indiana County 911 received a call relating to a domestic incident at 162 Jacobs Lane, Cherryhill Township, Indiana County;

B. At approximately 4:22 P.M., Trooper William Ray ("Trooper Ray") was dispatched to the domestic incident;

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(c).

C. The court finds the testimony of Trooper [] Ray [] credible;

D. Trooper Ray received information that one of the parties, i.e., [Swegles], had been drinking and had left the residence traveling in a silver Mitsubishi Outlander;

E. Trooper Ray traveled east on State Route 422 and observed [Swegles'] vehicle parked just off State Route 422 in front of Coy's Convenience Store and Coy's Pizza;

F. Trooper Ray observed [Swegles] exit the driver's side of his vehicle and enter Coy's Convenience Store;

G. Coy's Convenience Store is located on the right (east) end of a building. The left (west) end of the building consists of a pizza shop/restaurant;

H. No alcohol is served or available for purchase in the Convenience Store;

I. Trooper Ray entered the Convenience Store and observed [Swegles] in front of a lottery machine;

J. Trooper Ray had [Swegles] exit the store;

K. Trooper Ray observed [Swegles] to have a staggered gait, a strong odor of alcohol on his breath, and to have glassy[,] blood shot eyes;

L. The MVR shows the interaction between Trooper Ray and [Swegles] outside of the Convenience Store beginning at approximately 4:37 P.M., which is approximately fifteen (15) minutes after Trooper Ray was dispatched;

M. Trooper Ray placed [Swegles] under arrest for driving under the influence;

N. [Swegles] consented to a blood draw which occurred at approximately 5:30 P.M.;

O. The court finds the testimony of Corporal Daniel Sweeney and Corporal Ryan Shrift credible [regarding the chain of custody of Swegles blood sample];

P. Dr. Michael Dolan, an expert in forensic sciences, testified that he performed a blood alcohol test on [Swegles'] blood and found that [Swegles'] blood contained 0.251 +/- 0.031 gram % ethyl alcohol in whole blood;

Q. [Swegles] had imbibed alcohol;

R. [Swegles] then drove and operated a vehicle on a highway or trafficway;

S. That within two (2) hours after driving the alcohol concentration in [Swegles'] blood was in excess of 0.16%[.]

Order, 1/8/25, at 1-2 (pagination added for ease of reference).

The trial court then found Swegles guilty of DUI and scheduled sentencing. The trial court sentenced Swegles to 72 hours to 6 months incarceration and a $1,000 fine. Swegles did not file a post-sentence motion. Swegles filed a timely appeal to this Court and complied with the trial court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b). The trial court referred this Court to its January 8, 2025 order in lieu of a Rule 1925(a) opinion. *See* Pa.R.A.P. 1925(a).

Swegles presents one question for our review:

Whether the trial court erred in determining[,] following the non-jury trial held on January 8, 2025[,] that the Commonwealth presented sufficient evidence to establish that [Swegles] was guilty of the offense of driving under the influence of alcohol (highest rate), 75 Pa.C.S.A. § 3802(c)[?]

Appellant's Brief, at 8 (unnecessary capitalization omitted).

We begin with our standard of review regarding challenges to the sufficiency of the evidence.

Whether, viewing all the evidence admitted at trial in the light most favorable to the Commonwealth as the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

*Commonwealth v. Eichler*, 133 A.3d 775, 787 (Pa. Super. 2016) (citation and brackets omitted).

Swegles argues the evidence established that he drank after driving his vehicle to Coy's, not before, as the Commonwealth alleged at trial. *See* Appellant's Brief, at 17. Swegles asserts the testimony against him was inconsistent and his testimony was therefore the only credible evidence of when he imbibed alcohol. *See id.* at 19-20.

Swegles is conflating sufficiency and weight of the evidence. "[T]his Court explained that a sufficiency of the evidence review does not include an assessment of credibility of testimony offered by the Commonwealth. Instead, such arguments are more properly characterized as challenges to weight of evidence." *Commonwealth v. Juray*, 275 A.3d 1037, 1043 (Pa. Super. 2022) (citations omitted).

Swegles did not file a post-sentence motion. He therefore has not preserved a challenge to the weight of the evidence. *See id.* at 1047 ("A

- 4 -

challenge to the weight of the evidence must be preserved by a motion for a new trial.") (citation omitted). Further, "an appellant's challenge to the sufficiency of the evidence must fail, where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that the appellant provides goes to the weight of the evidence." *Id.* at 1043 (internal quotation marks and citations omitted). We therefore find Swegles waived his only claim.

We note that, even if not waived, Swegles claim is without merit. Swegles was conviction of DUI under subsection 3802(c). Subsection 3802(c) provides:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(c).

> This Court has held that under section 3802(c), the elements of DUI—highest rate are: (1) that a person drove, operated or was in actual physical control of a motor vehicle; and (2) that such action was conducted after imbibing enough alcohol that the actor's BAC reached 0.16% within two hours after driving.

*Commonwealth v. Dirosa*, 249 A.3d 586, 589 (Pa. Super. 2021) (brackets, quotation marks, and citation omitted).

In viewing the testimony in the light most favorable to the Commonwealth as verdict winner, the testimony establishes that Trooper Ray was dispatched to a domestic involving Swegles. *See Eichler*, 133 A.3d at

- 5 -

787; N.T. Trial, 1/7/25, at 20. Swegles had left the residence in his Mitsubishi Outlander and was traveling eastbound on Route 422. *See* N.T. Trial, 1/7/25, at 21. Trooper Ray proceeded down Route 422 looking for the described Mitsubishi Outlander and found it at Coy's Pizza. *See id.* at 22. Trooper Ray observed Swegles exit his Mitsubishi and proceed into the convenience store side of Coy's Pizza. *See id.* at 22-23. That side of Coy's Pizza does not sell alcohol. *See id.* at 23. Trooper Ray removed Swegles from the store and noticed indicators of impairment. *See id.* at 24. Swegles consented to a blood draw, which indicated his BAC was .251%. *See id.* at 29-30, 71, Commonwealth Exhibit 6.

This testimony was sufficient to establish that Swegles drank before he arrived at Coy's Pizza. As such, the evidence was sufficient to support Swegles' conviction of DUI.[2] We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

_____

[2] "Where a defendant in a criminal prosecution agrees to be tried by a judge without a jury, the findings of the judge are as binding upon the appellate court as the verdict of a jury, if supported by competent evidence, regardless of whether the appellate court would have independently made the same findings." *Commonwealth v. Rouse*, 218 A.2d 100, 103 (Pa. Super. 1966).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

11/20/2025